IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ARSENIO E. LEYVA, #1664367 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv383 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation recommending that the petition for writ of habeas corpus be denied as time-barred, and the case be dismissed with prejudice. Petitioner filed objections.

In Petitioner's objections, he argues that since he is not a United States Citizen and he does not speak English, his petition should not be time-barred. He also notes that he was transferred between several state prisons, and that he was unable to find assistance in filing his petition. He offers no specific details or legal authority for these objections. It is well settled that ignorance of the law, even when stemming from illiteracy, cannot justify tolling. *See, e.g., Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

Petitioner also reurges his actual innocence argument that he raised in his petition. He presents no newly-discovered evidence pointing to his innocence, however. Also, as discussed in the Report and Recommendation, the record shows that after Petitioner filed his second state habeas action raising his actual innocence issue, the Texas Court of Criminal Appeals dismissed it. A writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) was contrary to federal law then

clearly established in the holdings of the Supreme Court; (2) involved an unreasonable application of clearly established Supreme Court precedent; or (3) was based on an unreasonable determination of the facts in light of the record before the state court. *See Harrington v. Richter*, 562 U.S. 86, 97-98 (2011).  Petitioner fails to meet this burden.

In sum,  Petitioner untimely filed his petition and he fails to show that unconstitutional State action prevented him from seeking administrative or state or federal habeas corpus relief in a timely manner, or that he is asserting a newly-recognized constitutional right.  He presents no evidence showing that he was induced or tricked by his adversary's misconduct, which caused him to untimely file his petition.  Petitioner fails to show that "rare and extraordinary circumstances" prevented him from timely filing.  *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000).  Accordingly, Petitioner fails to show he is entitled to equitable tolling.

The Report and Recommendation of the Magistrate Judge, which contains proposed findings of facts and recommendations for the disposition of such action, has been presented for consideration. After conducting a *de novo* review of Petitioner's  objections, the Court determines they are without merit and  concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

It is therefore **ORDERED** the petition for writ of habeas corpus is **DENIED** and the case is  **DISMISSED** with prejudice.  A certificate of appealability is **DENIED**.  All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 4th day of August, 2020.**

---
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE